# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DERICK PARKER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2734-WBV-DMD** |
| **WAL-MART STORES INC., ET AL.** | **SECTION: D (3)** |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by defendant, Walmart, Inc. ("Walmart").[1] Plaintiff opposes the Motion,[2] and Walmart has filed a Reply.[3] After careful review of the parties' memoranda, the record, and the applicable law, the Motion is **GRANTED** and Derick Parker's claims against Walmart are **DISMISSED WITH PREJUDICE**.

## I. FACTUAL BACKGROUND

This case arises out of a slip and fall in a Walmart in New Orleans, Louisiana. On May 1, 2019, Derick Parker ("Plaintiff"), entered the store and immediately proceeded to the store's restroom, which was empty.[4] Plaintiff testified at a deposition that he did not see anything on the floor as he approached the urinal.[5] As Plaintiff approached the urinal, he slipped and fell, landing on his right side.[6] After the fall, Plaintiff felt dampness on his clothes and noticed a clear liquid,

---

[1] R. Doc. 14.
[2] R. Doc. 18.
[3] R. Doc. 23.
[4] R. Doc. 14-1 at p. 1 (*citing* R. Doc. 14-5 at p. 3).
[5] R. Doc. 14-5 at pp. 3-4.
[6] *Id.* at pp. 5-6.

approximately the size of a normal piece of paper, on the floor.[7] On or about April 28, 2020, Plaintiff filed suit against Walmart in the Civil District Court for the Parish of Orleans, Louisiana, alleging that Walmart was responsible for his injuries.[8] Walmart removed the matter to this Court on October 6, 2020, asserting diversity jurisdiction.[9]

Walmart filed the instant Motion for Summary Judgment on March 24, 2021, seeking summary judgment on the issue of liability.[10] Walmart asserts that this case is governed by La. R.S. 9:2800.6, the Louisiana Merchant Liability statute, and that Plaintiff has failed to provide any affirmative evidence to satisfy the requirements of the statute.[11] Specifically, Walmart argues that, "there is no indication that Walmart caused a puddle to appear in front of the men's urinals, that Walmart associates were aware of a puddle in front of the men's urinals, or that a puddle was present for a sufficient period of time to create constructive knowledge on the part of Walmart."[12] Walmart argues that the undisputed material facts demonstrate that Walmart did not create the condition, nor did it have either actual or constructive notice of the condition. Walmart relies on Plaintiff's deposition testimony, in which Plaintiff testified that he did not know where the liquid on the floor came from, to support its position that Plaintiff has failed to establish that Walmart created the condition.[13]

Walmart further argues that Plaintiff has not provided any evidence to prove Walmart had actual knowledge of the condition before his fall. Instead, Plaintiff

---

[7] *Id.* at pp. 7-10.
[8] R. Doc. 1-2.
[9] R. Doc. 1.
[10] R. Doc. 14.
[11] R. Doc. 14-1 at pp. 4-10.
[12] *Id.* at p. 2.
[13] *Id.* at pp. 4-5 (*quoting* R. Doc. 14-5 at p. 14).

testified that he was unaware if any Walmart employee knew the substance was on the floor before the incident.[14] Walmart asserts that, , "based on Plaintiff's deposition testimony, Plaintiff does not have factual support essential to his claim that Walmart had actual notice of the presence of a puddle in front of the urinals prior to his incident."[15] Finally, Walmart asserts that Plaintiff has failed to establish any evidence that Walmart had constructive knowledge of the puddle on the floor.[16] Relying on Louisiana jurisprudence, Walmart asserts that, "A plaintiff who simply shows that an allegedly dangerous condition existed without also showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice and those claims are subject to summary dismissal."[17] Relying on that jurisprudence, Walmart argues that Plaintiff cannot establish constructive notice because he testified during his deposition that he does not know where the puddle came from and he has no information to suggest how long a puddle may have been in front of the urinal prior to his fall.[18]

Plaintiff opposes the Motion, but agrees that the case is governed by La. R.S. 9:2800.6 and that he bears the burden of proving the three statutory elements required to recover against a merchant.[19] Initially, Plaintiff asserts that he can prove

---

[14] *Id.* (*quoting* R. Doc. 14-5 at pp. 11-12).
[15] R. Doc. 14-1 at p. 5 (citation omitted).
[16] R. Doc. 14-1 at p. 6.
[17] *Id.* (citing *Babin v. Winn-Dixie Louisiana, Inc.*, 2000-0078 (La. 6/30/00), 764 So.2d 37; *Oster v. Winn-Dixie*, 04-117 (La. App. 5 Cir. 8/31/04), 881 So.2d 1257; *Mack v. Shoney's Inc.*, 07-922 (La. App. 5 Cir. 3/11/08), 983 So.2d 114; *Wright v. SSC Service Solutions, Inc.*, 07-219 (La. App. 5 Cir. 9/25/07), 968 So.2d 759; *Boeshans v. Petsmart, Inc.*, 06-606 (La. App. 5 Cir. 1/16/07), 951 So.2d 414; *Camp v. Winn-Dixie Louisiana, Inc.*, 02-47 (La. App. 5 Cir. 5/15/02), 821 So.2d 94)).
[18] R. Doc. 14-1 at p. 10 (*citing* R. Doc. 14-5 at pp. 11, 14).
[19] R. Doc. 18 at p. 2.

that an unreasonably dangerous condition existed by the fact that a puddle roughly the size of a sheet of paper existed on the bathroom floor.[20] Relying on a case from the Western District of Louisiana, in which the court denied summary judgment where an individual tripped over a pallet located in the middle of an aisle at Wal-Mart, Plaintiff argues that, "In the instant case the potential hazard, water on a tile floor, was as dangerous or more dangerous than a pallet obscured by the corner of a cardboard box."[21] Plaintiff further asserts that Walmart's employee "saw or should have seen the liquid on the floor prior to Plaintiff's fall."[22]

Plaintiff contends that the facts of this case are similar to the facts in *Apelacion v. Wal Mart Stores, Inc.*, where the court denied summary judgment in a slip and fall case involving liquid on the floor of a Wal-Mart store.[23] Although the plaintiff in that case did not know what the liquid was, did not see it on the floor, did not know how it got there, or how long it had been there, the court concluded that a reasonable jury could reasonably find that the liquid had been on the ground for some period of time, and that Wal-Mart would have discovered it had it exercised reasonable care based upon video evidence showing that the floor had been swept 30 minutes before the fall.[24] Plaintiff argues that a reasonable jury could likewise find that the liquid that caused his fall was present for some time and would have been discovered if Walmart, through its employees, had exercised reasonable care.[25] Relying on his own

---

[20] *Id.* at p. 3 (*citing* R. Doc. 14-5 at pp. 7-10).
[21] R. Doc. 18 at p. 3 (citing *Stewart v. Wal-Mart Louisiana, LLC*, Civ. A. No. 12-1537, 2013 WL 1838578 (W.D. La. May 1, 2013)).
[22] R. Doc. 18 at p. 4.
[23] *Id.* (citing *Apelacion*, Civ. A. No. 18-5941, 2018 WL 6621405 (E.D. La. Dec. 18, 2018)).
[24] R. Doc. 18 at p. 4 (citing *Apelacion*, Civ. A. No. 18-5941, 2018 WL 6621405).
[25] R. Doc. 18 at p. 4.

testimony, Plaintiff points out that he testified during his deposition that a Walmart employee told him that she saw where the liquid came from, which is further evidence that the liquid came from a plumbing leak that Walmart knew or should have known about.[26][27] Plaintiff asserts that Walmart failed to exercise reasonable care by only placing a wet floor sign at the entrance to the bathroom instead of where its employees knew or should have known there was a puddle.

In response, Walmart asserts that the Court should not consider Plaintiff's Opposition brief because it is untimely under the Court's local rules.[28] Walmart then maintains that Plaintiff has failed to provide any evidence to support a finding that Walmart had either actual or constructive notice of the puddle in the restroom before Plaintiff's fall. Walmart reiterates its argument that, "A claimant who simply shows that a condition existed at the time of the fall without an additional showing that the condition existed for some time before the fall has not carried her burden of proving constructive notice."[29] Walmart asserts that Plaintiff's arguments, which are unsupported by any evidence, are merely speculative and that, "speculation cannot defeat summary judgment."[30] Regarding Plaintiff's constructive notice arguments, Walmart distinguishes *Apelacion v. Wal Mart Stores, Inc.,* as that case involved two store employees who were in the area of the incident and video surveillance of the incident.[31] Walmart also disputes Plaintiff's argument that it had actual notice of

---

[26] R. Doc. 18 at p. 4 (*citing* R. Doc. 14-5 at p. 12).
[27] *Id.*
[28] R. Doc. 23 at p. 2.
[29] *Id.* at p. 3 (citing authority).
[30] *Id.* (citing *Batiste v. United Fire and Cas. Co.*, 17-482 (La. App. 5 Cir. 3/14/18), 241 So.3d 491, 498).
[31] R. Doc. 23 at p. 4 (citing *Apelacion*, Civ. A. No. 18-5941, 2018 WL 6621405, at *1 (E.D. La. Dec. 18, 2018)).

the puddle because an employee identified a potential source of the water after the fall, emphasizing that the employee did not say that she noticed the liquid before the fall or how long it may have been on the floor.[32] Walmart reiterates that Plaintiff's contention that this information proves constructive notice is merely speculative. Finally, Walmart asserts that Plaintiff conflates the issue of whether Walmart failed to exercise reasonable care with the issue of actual or constructive notice. Walmart asserts, "It is well settled that a factual dispute over whether a merchant exercised reasonable (like due to the failure to conduct inspections or to place signage) care does not preclude summary judgment on the basis of actual or constructive notice."[33]

## II.  LEGAL STANDARD

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[34] When assessing whether a dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[35] While all reasonable inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only

---

[32] R. Doc. 23 at pp. 5-6 (*citing* R. Doc. 18; R. Doc. 14-5 at p. 13).
[33] R. Doc. 23 at p. 7.
[34] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986).
[35] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (citations omitted).

a scintilla of evidence."[36] Instead, summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party.[37]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[38] The nonmoving party can then defeat summary judgment by either submitting evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[39] If, however, the nonmoving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[40] The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[41]

---

[36] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).
[37] *Delta & Pine Land Co.*, 530 F.3d at 399 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[38] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991).
[39] *Id.* at 1265.
[40] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).
[41] *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553 (*quoting* Fed. R. Civ. P. 56(e)).

## III. ANALYSIS

The parties agree that this case is governed by the Louisiana Merchant Liability statute, La. R.S. 9:2800.6.[42] For a plaintiff to prevail against a merchant in a slip and fall negligence action like this one, the plaintiff bears the burden of proving that the merchant is negligent under the Louisiana Merchant Liability statute.[43] Under La. R.S. 9:2800.6, a plaintiff bringing a negligence claim against a merchant for injuries resulting from a fall allegedly caused by conditions existing on a merchant's premises must show that: (1) the condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable; (2) the merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and (3) the merchant failed to exercise reasonable care.[44] The plaintiff must prove all three elements to prevail.[45] According to the statute, "'Constructive Notice' means the claimant has proven that the condition existed for such a period that it would have been discovered if the merchant had exercised reasonable care."[46] Here, the parties dispute whether Walmart had actual or constructive notice of any liquid substance on the bathroom floor.[47]

---

[42] R. Docs. 14 & 18.
[43] *Betemps v. Dolgencorp, LLC*, Civ. A. No. 17-7880, 2018 WL 4104216, at *3 (E.D. La. Aug. 29, 2018) (citing authority).
[44] La. R.S. 9:2800.6(B).
[45] *Betemps,* Civ. A. No. 17-7880, 2018 WL 4104216 at *3 (citing *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97), 699 So.2d 1081, 1084).
[46] La. R. S. 9:2800.6(C).
[47] Although Plaintiff claims Plaintiff did not provide any argument to support a finding that Walmart created the condition. Since the Court has not found any evidence to support such a finding, the Court determines that there is nothing to support such a finding.

The Court first considers whether Plaintiff has provided any evidence to create an issue of genuine material fact that Walmart had actual notice of the condition that allegedly caused Plaintiff's fall. Plaintiff testified that the bathroom was empty when he entered it.[48] He did not testify that he saw any Walmart employees enter or leave the bathroom before his incident.[49] Plaintiff further testified that he did not see the puddle before slipping and did not know how long the puddle had been on the floor.[50] When asked if he knew if any Walmart employee knew that the substance was on the floor before his incident, Plaintiff testified "no."[51] He testified that he did not see any markings, tracking, footprints, or slip marks around the puddle.[52] Plaintiff's Opposition brief does not directly address actual notice, nor does it point the Court to any evidence that Walmart had actual notice of the condition.[53] Since the Court has found no evidence to support a finding of actual notice, the Court next considers whether Plaintiff has established any evidence of constructive notice.

As to constructive notice, Plaintiff asserts that the restroom is regularly inspected by Walmart personnel in the course and scope of their cleaning duties and that the employees "saw or should have seen the liquid on the floor."[54] Plaintiff does not provide any evidence in support of this statement. Instead, Plaintiff argues that

---

[48] R. Doc. 14-5 at p. 3.
[49] R. Doc. 14-5.
[50] *Id.* at pp. 4, 11.
[51] *Id.* at pp. 11-12.
[52] *Id.* at p. 10.
[53] *See* R. Doc. 18 at p. 4. The Court notes that Walmart correctly asserts that Plaintiff's Opposition brief is untimely under Local Rule 7.5. The Court, however, will exercise its discretion and consider it in this matter.
[54] R. Doc. 18 at p. 4.

the facts of this case are analogous to those in *Apelacion v. Wal Mart Stores, Inc.*[55] and, therefore, warrant a similar result. Plaintiff's reliance on *Apelacion* is misplaced. The plaintiff in *Apelacion* provided evidence of constructive notice in the form of surveillance video from the relevant area of the store for almost a full hour leading up to the incident.[56] That footage revealed at least two store employees in the vicinity of the spill in the hour before the incident. Additionally, the video showed an employee wiping up the spill "for over a full minute" after the incident using multiple paper towels.[57] Relying on that evidence, the another Section of this Court denied the defendant's motion for summary judgment in *Apelacion*, explaining that, "Having reviewed the surveillance video, the court finds that a jury could reasonably conclude that a liquid substance was present on the floor for some period of time, and that Walmart would have discovered it had it exercised reasonable care."[58]

Unlike the plaintiff in *Apelacion*, Plaintiff has not provided the Court with any evidence to raise a contested material fact that could lead a jury to reasonably conclude that the liquid was present on the floor for some period of time before the incident, as required to prove constructive notice by Walmart. Plaintiff's reliance on *Apelacion* also misses a crucial finding by the Court in that case—that the plaintiff had provided evidence that the substance had been present on the floor "for some period of time."[59] As Walmart points out, under La. R.S. 9:2800.6, Plaintiff bears the

---

[55] Civ. A. No. 18-5941, 2018 WL 6621405 (E.D. La. Dec. 18, 2018).
[56] Civ. A. No. 18-5941, 2018 WL 6621405 at *2.
[57] *Id.*
[58] *Id.*
[59] *Id.*

burden of proving that the condition existed "for some period of time" before the accident.⁶⁰ Plaintiff has failed to put forth any evidence to satisfy that burden. As the Louisiana Supreme Court held in *White v. Wal-Mart Stores, Inc.,* in order to even make an inference of constructive notice, a claimant must satisfy the statute's "mandatory temporal element."⁶¹ The Louisiana Supreme Court further explained that:

> Though there is no bright line time period, a claimant must show that "the condition existed for such a period of time ..." Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. This is not an impossible burden.⁶²

Plaintiff has failed to direct the Court to any such evidence that the water on the floor in the restroom existed "for some period of time" prior to his fall.

Finally, the Court rejects Plaintiff's assertion that Walmart had constructive notice of the condition prior to his fall based upon the fact that a store employee advised Plaintiff *after* the incident that she determined where the liquid was coming from.⁶³ Plaintiff's reliance on that evidence completely ignores the clear statutory

---

⁶⁰ *Id*. *See* R. Doc. 14-1 at p. 6 (citing authority).
⁶¹ *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97), 99 So.2d 1081, 1082.
⁶² 97-0393 at pp. 4-5, 99 So.2d at 1084-85 (citations omitted).
⁶³ R. Doc. 18 at p. 4.

language requiring Plaintiff to prove that, "The merchant either created or had actual or constructive notice of the condition which caused the damage, *prior to the occurrence*."[64] Accordingly, Plaintiff has failed to provide any evidence to lead a jury to reasonably conclude that Walmart had constructive notice of the puddle prior to Plaintiff's fall.

Because the Court has determined that Plaintiff has failed to provide any evidence that Walmart either created or had actual or constructive notice of the condition, the Court need not address whether there exists a genuine issue of material fact regarding the remaining two elements of the Louisiana Merchant Liability statute. Based on the foregoing analysis, the Court finds that Walmart is entitled to summary judgment as to Plaintiff's claims under the Louisiana Merchant Liability statute, and that Plaintiff's claims must be dismissed.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Walmart's Motion for Summary Judgment[65] is **GRANTED** and Derick Parker's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, July 13, 2021.

    _____
    **WENDY B. VITTER**
    **UNITED STATES DISTRICT JUDGE**

---

[64] La. R.S. 9:2800.6(B)(2) (emphasis added).
[65] R. Doc. 14.